*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE DISTRICT OF NEW JERSEY (Camden)*

| | |
|---|---|
| IN RE: ALAN JAY SUSSMAN | CHAPTER 13 |
| | No. 20-22741-ABA |

## CREDITOR JASON STARKMAN'S OBJECTION TO CONFIRMATION OF DEBTOR ALAN JAY SUSSMAN'S CHAPTER 13 PLAN

Creditor Jason Starkman (hereinafter "Starkman"), by and through his undersigned counsel, hereby objects to Confirmation of Debtor's Chapter 13 Plan (the "Plan") as follows:

1. Movant is Jason Starkman, a judgment creditor of the Debtor.

2. Debtor is Alan Jay Sussman ("Sussman").

3. Debtor commenced the instant bankruptcy proceeding on November 16, 2020, by filing a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.

4. Creditor Starkman filed a proof of claim evidencing Debtor Sussman's obligation in the amount of $88,386.62.

5. The indebtedness is due to a judgment entered in favor of Creditor Starkman and against Debtor Sussman in the amount of $87,932.50 as of April 18, 2018, and recorded as a New Jersey statewide lien at Judgment Number J-098755-20 (the "Judgment").

6. On November 16, 2020, the Debtor filed a proposed Chapter 13 Plan (the "Plan"); however, the Debtor's Plan was clearly not filed in good faith.

7. Specifically, the Debtor's Plan makes no mention of Creditor Starkman's Judgment, nor does it propose to make any payments to Creditor Starkman.

8. Further, the Debtor's Plan states that the Debtor will be making monthly payments of $250.00 to the Trustee based on future earning; however, the Debtor's schedules

state that the Debtor currently has zero income.

9. Accordingly, it is not clear from where these monthly payments will come, or if the Plan is at all feasible.

10. Moreover, the Debtor's proposed $250 a month payments for a proposed 36 months, totals only $9,000 being paid by the Debtor pursuant to the proposed Plan.

11. As the Debtor will be required to pay the Trustee's commissions, administrative claims, priority claims, etc. from this amount, there will likely be absolutely nothing left for general unsecured creditors or for Creditor Starkman.

12. Further, the Debtor's Plan appears to be predicated on the sale of his residence, being 33 Country Walk, Cherry Hill, NJ 08003 (the "Property").

13. However, it does not appear that the Debtor has any equity in said Property that would make it possible to fund his Plan from the sale of the Property.

14. Specifically, the Debtor lists the value of his Property at $400,000, but he lists the total obligations secured by the Property at $364,050.00.

15. Subtracting (a minimum of) 10% from the estimated value for the costs of selling the Property, there is absolutely no equity in the Property which could be used to fund the Debtor's Plan (10% of $400,000 is $40,000, which added to the stated liabilities totals $404,050, which exceeds the value of the Property).

16. Accordingly, Creditor Starkman objects to confirmation of the Debtor's Bankruptcy Plan, as the Plan was clearly not proposed in good faith.

17. To be entitled to confirmation, a chapter 13 plan must have been "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

18. "Good faith" is a pervasive concept in the Bankruptcy Code and plays a role in

the determination whether a chapter 13 plan may be confirmed. As observed in one commentary:

> It is said that the good faith requirement "prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes."

*Jensen v. Froio (In re Jensen)*, 369 B.R. 210 (Bankr. E.D. Pa. 2007).

19. Creditor Starkman has the initial burden of articulating a clear and cognizable good faith objection. *Id.*

20. Provided Creditor Starkman meets that burden, the ultimate burden then shifts to the Debtor to persuade the court to overrule the objection and confirm the plan. *See In re Fricker*, 116 B.R. 431, 438 (Bankr. E.D. Pa. 1990).

21. In this matter, Creditor Starkman has presented numerous clear and cognizable good faith objections to the Debtor's Plan. See, paragraphs 7-15.

22. Thus, the burden must be shifted to Debtor Sussman to persuade the court that his Plan is feasible and proposed in good faith.

23. Moreover, where the trustee or the holder of an unsecured claim objects, the plan must either provide for full payment of the unsecured claim or call for all of the debtor's projected disposable income during the life of the plan to be paid towards unsecured claims. 11 U.S.C. § 1325(b)(1); *In re Amos*, 452 B.R. 886, 889 (Bankr. D.N.J. 2011).

24. The Debtor's proposed Plan does not provide for full payment of unsecured claims (or any such payment), and it is not clear that the Plan promises to use all of the Debtor's projected disposable income during the life of the Plan to be paid towards unsecured claims. *Id.*

25. While the Debtor claims to have no current income, the Debtor stated at his meeting of creditor that he may have a number of real estate deals in the pipeline which could provide him with substantial income.

26. Without knowing the amounts of these commissions (or the probability of these commissions occurring), it is not clear how the Plan can be evaluated to see if it meets the good faith requirements.

27. Further, the Debtor stated during his meeting of creditors that he lives and shares household expenses with his ex-wife, who has regular income from her job; however, there is no mention of this financial relationship, obligations, or income listed on Debtor's schedules.

28. Again, without this information, the validity of the Debtor's Plan simply cannot be fully evaluated.

29. As the Debtor has proposed making no payments whatsoever to the unsecured creditors, as the Debtor claims to have no current income, and the Debtor's potential future income is unknown, and as there is no equity in the Property, the Debtor will be unable to satisfy his burden showing that the Plan was proposed in good faith.

30. For the foregoing reasons, the Debtor's Plan must not be confirmed by the Court.

WHEREFORE, Creditor Jason Starkman respectfully objects to confirmation of Debtor's Chapter 13 Plan.

BERGER LAW GROUP, P.C.

Dated: 1/17/21  By: _____
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Rosemont, PA 19010
610-668-0774
Berger@BergerLawPC.com
*Attorneys for Jason Starkman*